Kirk D. Miller, WSBA #40025
*Kirk D. Miller, P.S.*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile
kmiller@millerlawspokane.com

Shayne Sutherland, WSBA #44593
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile
ssutherland@cameronsutherland.com

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIANNA MORRIS, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>FPI MANAGEMENT, INC., a California corporation,<br><br>　　　　Defendant. | Case No.:<br><br>COMPLAINT<br><br>(JURY DEMANDED) |

Plaintiff Brianna Morris, on behalf of herself and all others similarly situated, by and through her attorneys, Kirk D. Miller of *Kirk D. Miller, P.S.*, and Shayne Sutherland of *Cameron Sutherland, PLLC*, alleges the following:

///

///

COMPLAINT - 1

# I. COMPLAINT

1.1 This is an action for damages and remedies against FPI Management, Inc. (FPI) for its multiple violations of the Washington Residential Landlord-Tenant Act, RCW 59.18, *et seq*.

# II. JURISDICTION & VENUE

2.1 Jurisdiction of this Court arises under 28 U.S.C. § 1332.

2.2 Defendant is a citizen of the state of California.

2.3 Plaintiff is a citizen of Washington State.

2.4 The matter in controversy is a putative class action which exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2.5 Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.6 Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts affairs and transacts business in this District, and the unlawful acts giving rise to this Complaint occurred, in part, in this District.

# III. PARTIES

3.1 At all relevant times, Plaintiff was a resident of Spokane County, Washington.

COMPLAINT - 2

3.2  Defendant FPI is a California corporation that is primarily engaged in the business of managing rental properties in Washington State and elsewhere.

3.3  Defendant and its related, parent, and subsidiary corporations are a provider of services to residents, property owners, and investors in the multifamily real estate industry.

3.4  Defendant is an owner, lessor, sublessor, or the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or properties of which one or more dwelling units are a part, throughout Washington State and elsewhere.

3.5  Defendant FPI is a "Landlord" as defined by RCW 59.18.030(14).

## IV. FACTS

4.1  In March of 2019, Plaintiff applied to rent a unit at Defendant's Copper Hill apartment complex, located on 3210 E. 44th Avenue in Spokane, Washington.

4.2  Copper Hill is a multifamily dwelling that is managed by Defendant FPI.

4.3  Defendant required Plaintiff to pay a thirty-five-dollar ($35) application fee.

COMPLAINT - 3

4.4  The application fee was, in whole or part, used to pay for a consumer report on Plaintiff.

4.5  Defendant's purpose for obtaining the consumer report was to gather information about a prospective tenant.

4.6  Defendant's standard tenant screening procedure requires prospective tenants to pay the cost for Defendant or its agents to obtain a consumer report on the prospective tenant.

4.7  In the three years preceding the filing of this Complaint, more than 10,000 people applied to rent a property in the state of Washington that was or is managed by Defendant and paid an application fee as a part of the Defendant's required application process.

4.8  Defendant also required Plaintiff to pay a one hundred dollar ($100) refundable "holding deposit" at the time she applied for tenancy at Copper Hill apartments.

4.9  The marketing brochure for Copper Hill states in part: "$35.00 application fee. $100 to hold, cashier's check or money order only."

4.10  At the same time she paid the application fee, Plaintiff paid Defendant a "holding deposit", via money order.

4.11  Defendant required Plaintiff to pay the "holding deposit" prior to determining whether she was eligible to rent at Copper Hill.

COMPLAINT - 4

4.12  Defendant required Plaintiff to pay the "holding deposit" prior to offering her any lease.

4.13  Defendant required Plaintiff to pay the "holding deposit" prior to disclosing the lease terms for the premises.

4.14  Defendant required Plaintiff to pay the "holding deposit" prior to determining whether Plaintiff was eligible to rent at Copper Hill or any other property managed by Defendant.

4.15  Defendant required Plaintiff to pay the "holding deposit" as a precondition to Defendant considering Plaintiff for a tenancy at Copper Hill.

4.16  On or about April 5, 2019, Plaintiff received an adverse action notice from Defendant, informing her that her application for rental housing at Copper Hill Apartments was denied.

4.17  Defendant's April 5, 2019, adverse action notice informed Plaintiff that her consumer report was obtained and reviewed on March 21, 2019.

4.18  Plaintiff's "holding deposit" was negotiated by Defendant on or about March 25, 2019.

4.19  To date, Defendant has not refunded Plaintiff's "holding deposit".

4.20  The Defendant's application criteria at Copper Hill states:

COMPLAINT - 5

> All holding deposits are deposited once they become non-refundable. The "holding deposit" is not refundable when: 1) the applicant has been approved for move-in; including affordable program compliance approval, and 2) seventy-two (72) hours have expired since the initial deposit on the apartment home was made.

4.21  The Defendant's application criteria also provides:

> The applicant waiting list is maintained according to unit size and will remain open with the understanding that those who are listed are informed of its length, the policies and procedures for selecting individuals, and how applicants are added to the waiting list.
>
> 1. if no apartment homes are available, an eligible applicant will be placed on the applicant waiting list.
> 2. In order to maintain a balanced application pool, the property may restrict or suspend application acceptance and close the applicant waiting list. The property will also update the applicant waiting list by removing the names of those who are no longer interested in, or no longer qualify for housing.
> 3. If the applicant waiting list contains enough applicants to result in a wait of more than one full year for all applicable bedroom sizes, the wait list may be closed. The applicant waiting list may remain closed until it is reduced to less than a one-year wait for admission.
> 4. During the period when the applicant waiting list is closed, the property will not maintain a list of individuals who wish to be notified when the waiting list is reopened.
> 5. The applicant waiting list is updated approximately every six (6) months.
>
> Waiting List Preferences:
> a. Current residents who need to transfer to a different unit

COMPLAINT - 6

    b. Outside applicants wishing to move into the property
    c. Date of availability for move-in

4.22 The Copper Hill apartments are owned or managed by Defendant.

4.23 Defendant manages more than 50 residential multi-family properties in the state of Washington.

4.24 Defendant obtains a tenant screening report on all prospective Washington tenants, who are over the age of eighteen, including Plaintiff.

4.25 All prospective tenants in the state of Washington, who are over the age of eighteen, are required to pay a tenant screening fee prior to renting a unit at any property Defendant owns or manages.

4.26 The tenant screening fee is non-refundable.

4.27 Defendant obtains consumer reports on all prospective Washington adult tenants.

4.28 Defendant obtains consumer reports on all prospective co-signers for prospective Washington tenants

4.29 Defendant obtained a consumer report on Plaintiff when deciding whether to accept Plaintiff's application for rental housing at Copper Hill.

COMPLAINT - 7

4.30   Prior to obtaining information about prospective tenants, Defendant does not provide any written or posted notice to prospective tenants regarding the name of the consumer reporting agency from which information will be obtained.

4.31   Prior to obtaining information about Plaintiff, Defendant did not provide her with any written or posted notice regarding the name of the consumer reporting agency from which information was obtained.

4.32   Prior to obtaining information about prospective tenants, Defendant does not provide any written or posted notice to prospective tenants regarding the address of the consumer reporting agency from which information will be obtained.

4.33   Prior to obtaining information about Plaintiff, Defendant did not provide her with any written or posted notice regarding the address of the consumer reporting agency from which information was obtained.

4.34   Prior to obtaining information about prospective tenants, Defendant does not provide any written or posted notice to prospective tenants regarding their right to obtain a free copy of the consumer report in the event of a denial or other adverse action.

4.35   Prior to obtaining information about Plaintiff, Defendant did not provide her with any written or posted notice regarding her right to

COMPLAINT - 8

obtain a free copy of the consumer report in the event of a denial or other adverse action.

4.36 Prior to obtaining information about prospective tenants, Defendant does not provide any written or posted notice to prospective tenants regarding the prospective tenants' right to dispute the accuracy of information appearing in the consumer report.

4.37 Prior to obtaining information about Plaintiff, Defendant did not provide any written or posted notice Plaintiff regarding her right to dispute the accuracy of information appearing in the consumer report.

4.38 After Defendant completes the tenant screening, Defendant does not provide any information, through any medium, regarding which consumer reporting agency provided information to Defendant, unless the rental application is denied or conditionally approved by Defendant.

4.39 For any prospective tenant, information contained in different consumer reports may be different.

4.40 Defendant did not provide the above-described disclosures to Plaintiff or to any member of the putative class.

4.41 In the three (3) years preceding the filing of this Complaint, Defendant has obtained information on more than 10,000 prospective Washington tenants.

COMPLAINT - 9

4.42 In the three (3) years preceding the filing of this Complaint, Defendant has required more than 10,000 prospective tenants at Washington properties managed by Defendant to pay the cost of obtaining a consumer report.

### V. VIOLATIONS OF WASHINGTON'S RESIDENTIAL LANDLORD-TENANT ACT (RLTA), RCW 59.18, *ET SEQ*.

5.1 Pursuant to RCW 59.18.030(14), Defendant is a "landlord" subject to the provisions of RCW 59.18, *et seq*., including RCW 59.18.253 and .257.

5.2 RCW 59.18.253 prohibits landlords from requiring a "fee or deposit from a prospective tenant for the privilege of being placed on a waiting list to be considered as a tenant for a dwelling unit."

5.3 RCW 59.18.253 prohibits landlords from requiring a holding fee or deposit from prospective tenants prior to determining whether a prospective tenant is eligible to be offered a tenancy.

5.4 By charging Plaintiff and other prospective tenants a "holding deposit" or fee prior to approval of tenancy and prior to offering a lease agreement, Defendant violated RCW 59.18.253.

COMPLAINT - 10

5.5 The Washington legislature found the following, with respect to the type of holding fee charged to Plaintiff and members of the putative class:

> The legislature finds that tenant application fees often have the effect of excluding low-income people from applying for housing because many low-income people cannot afford these fees in addition to the rent and other deposits which may be required. The legislature further finds that application fees are frequently not returned to unsuccessful applicants for housing, which creates a hardship on low-income people. The legislature therefore finds and declares that it is the policy of the state that certain tenant application fees should be prohibited and guidelines should be established for the imposition of other tenant application fees. RCW 59.18.253.

5.6 Defendant's practice of charging "holding deposits" or fees in order to be considered as a tenant for a dwelling unit, and failing to return the deposit when a prospective tenant is denied housing, is contrary to the public interest as set forth in the legislative findings.

5.7 By charging a "holding deposit" or fee to Plaintiff and other prospective tenants prior to approval of tenancy and prior to offering a lease agreement, Defendant caused damage to Plaintiff and others.

5.8 Defendant has required more than ten thousand (>10,000) prospective Washington tenants to pay a "holding deposit" or fee as a condition of

COMPLAINT - 11

its rental application process in the three (3) years preceding the filing of this action.

5.9 In 2012, the Washington legislature found the following with respect to landlords' use of tenant screening reports:

> The legislature finds that residential landlords frequently use tenant screening reports in evaluating and selecting tenants for their rental properties. These tenant screening reports purchased from tenant screening companies may contain misleading, incomplete, or inaccurate information, such as information relating to eviction or other court records. It is challenging for tenants to dispute errors until after they apply for housing and are turned down, at which point lodging disputes are seldom worthwhile. The costs of tenant screening reports are paid by applicants. Therefore, applicants who apply for housing with multiple housing providers pay repeated screening fees for successive reports containing essentially the same information.
>
> The legislature also finds that it is important to both landlords and tenants that consumer information concerning prospective tenants is accurate. Many tenants are unaware of their rights under federal fair credit reporting laws to dispute information that may be inaccurate. The legislature therefore finds and declares that it is the policy of the state for prospective tenants to be informed of their rights to dispute information they feel is inaccurate in order to help prevent denials of housing based upon incorrect information.

5.10 Defendant was, at all times relevant to this action, required by RCW 59.18.257 to provide the name and address of the consumer reporting agency from which it will obtain information about the prospective

COMPLAINT - 12

tenant prior to the tenant being charged any fee for a tenant screening report.

5.11 Prospective tenants may decide where they will apply to rent based on which consumer report will be used for screening.

5.12 Prospective tenants who know that derogatory information exists on one consumer report may choose not to waste the screening fee if another landlord utilizes the same report.

5.13 Alternatively, prospective tenants may choose to apply with a prospective landlord because the prospective tenants know that a particular consumer report contains no derogatory information.

5.14 Defendant's practice of failing to provide its source(s) of consumer information, prior to obtaining the prospective tenants' consumer information, frustrates prospective tenants' ability to make informed decisions regarding where to apply for rental housing.

5.15 Defendant's practice of failing to disclose the name and address of the consumer reporting agency from which Defendant obtains information pertaining to prospective tenants violates RCW 59.18.257(1)(a)(iii).

5.16 Defendant's practice of failing to disclose that the prospective tenants may obtain a free copy of their consumer reports in the event of a denial or other adverse action violates RCW 59.18.257(1)(a)(iii).

COMPLAINT - 13

5.17  Defendant's practice of failing to disclose to prospective tenants their right to dispute the accuracy of information appearing in the consumer report violates RCW 59.18.257(1)(a)(iii).

5.18  Landlords who violate RCW 59.18.257(1)(a) are prohibited from charging prospective tenants for tenant screening fees, and also prohibited from obtaining any consumer reports on prospective tenants.

5.19  By failing to provide the required information to the Plaintiff and the members of the putative class, prior to charging the Plaintiff and the members of the putative class for tenant screening fees, Defendant violated RCW 15.18.257(1)(b).

5.20  By charging prohibited tenant screening fees, Defendant caused damage to the Plaintiff and others.

5.21  Defendant has required more than ten thousand (>10,000) prospective Washington tenants to pay a tenant screening fee, as a condition of its rental application process in the three (3) years preceding the filing of this action.

## VI. UNJUST ENRICHMENT

6.1  Defendant was prohibited pursuant to RCW 59.18.253 from charging any prospective Washington tenant a deposit or fee for the privilege of being considered for tenancy.

COMPLAINT - 14

6.2   Defendant was prohibited pursuant to RCW 59.18.257 from charging any prospective Washington tenant a fee for tenant screening.

6.3   Defendant benefitted from collecting and withholding unlawful holding fees and deposits from prospective tenants.

6.4   Defendant benefitted from receiving consumer reports and other useful information as a result of the prospective tenants paying the tenant screening fee.

6.5   Defendant avoided the cost of obtaining the information in the tenant screening reports by illegally forcing prospective tenants to pay the fee.

6.6   Defendant was unjustly enriched by receiving unlawfully collected holding fees or deposits and tenant screening fees from prospective tenants.

6.7   Defendant was unjustly enriched in the amount of the cost to the prospective tenant by receiving the reports paid for by prospective tenants.

6.8   The value of the reports and information obtained by Defendant on each prospective tenant is equal to the amount paid by each tenant.

6.9   Defendant should not be allowed to retain the value it received via the illegal charges paid by the prospective tenants.

COMPLAINT - 15

# VII. CLASS ALLEGATIONS

This action is brought on behalf of a class consisting of:

7.1    FOR ALL CLASS MEMBERS

    7.1.1    All persons;

    7.1.2    Who applied to rent any property in Washington State;

    7.1.3    Where the rental property, on the date of the application, was owned or managed by Defendant, or where Defendant was a "landlord" of the property, as defined by RCW 59.18.030(14);

7.2    SUBCLASS A

    7.2.1    Who, as prospective tenants, had their information obtained by Defendant and/or paid a tenant screening fee to Defendant;

    7.2.2    Where Defendant failed to provide the information to the prospective tenants as required by RCW 59.18.257, including but not limited to, the right to dispute the accuracy of the consumer report, and the prospective tenants' right to receive a free copy of the report.

    7.2.3    The class period for Subclass A is three (3) years prior to filing of this action, through the date that the class is certified;

COMPLAINT - 16

7.3 SUBCLASS B

    7.3.1 All persons who paid monies characterized as a "holding deposit" or fee to be considered for a tenancy at properties owned or managed by Defendant FPI Management, Inc., in Washington State;

    7.3.2 Where the Defendant required a "holding deposit" or fee from a prospective tenant for the privilege of being placed on a waiting list to be considered as a tenant for a dwelling unit; or

    7.3.3 Where the Defendant had not offered the tenant(s) a lease for a dwelling unit or determined the prospective tenants eligibility to rent prior to the collection of "holding" monies;

7.4 Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

7.5 Plaintiff will fairly and adequately represent the interests of the class members. She is committed to vigorously litigating this matter.

7.6 Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

7.7 A class action is a superior method for the fair and efficient adjudication of this controversy.

7.8 Class-wide damages are essential to induce Defendant to comply with the law.

COMPLAINT - 17

7.9 The interests of the class members in individually controlling the presentation of separate claims against the Defendant is small, because the amount of damages recoverable in an individual case under RCW 59.18.253 or .257 is relatively small.

7.10 Certification of a class pursuant to Fed. R. Civ. Pro 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

7.11 Certification of a class pursuant to Fed. R. Civ. Pro. 23(b)(2) is also appropriate. Defendant acted on grounds generally applicable to the class, making declaratory relief appropriate with respect to the class as a whole.

## VIII. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

8.1 Actual damages in the amount paid for tenant screening by each prospective tenant class member;

COMPLAINT - 18

8.2 Statutory damages of one hundred dollars ($100) per prospective tenant, pursuant to RCW 59.18.257(3);

8.3 For a refund of each class member's "holding" fee or deposit paid to or retained by Defendant;

8.4 Double the amount of each class member's "holding" fee or deposit paid to or retained by Defendant pursuant to RCW 59.18.253(4);

8.5 Costs and reasonable attorney's fees pursuant to RCW 59.18.257(3) and/or RCW 59.18.253(4);

8.6 Pre-judgment interest on all amounts paid by prospective tenants for tenant screening fees;

8.7 Post-judgment interest;

8.8 Declaratory judgment that Defendant's practices complained of herein violate Washington's Residential Landlord-Tenant Act, RCW 59.18, *et seq.*;

8.9 Injunctive relief enjoining the Defendant's practices complained of herein; and

8.10 Such other and further relief as may be just and proper.

COMPLAINT - 19

DATED this 16th day of April, 2019.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA No. 40025
421 W. Riverside Ave., Ste. 660
Spokane, WA  99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile
kmiller@millerlawspokane.com
*Attorney for Plaintiff*

*Cameron Sutherland, PLLC*

/s Shayne Sutherland
Shayne Sutherland, WSBA #44593
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile
ssutherland@cameronsutherland.com
*Attorney for Plaintiff*

COMPLAINT - 20