Kirk D. Miller, WSBA #40025
KIRK D. MILLER, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 413-1494 Telephone
kmiller@millerlawspokane.com

Shayne Sutherland, WSBA #44593
Brian G. Cameron, WSBA #44905
CAMERON SUTHERLAND, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
ssutherland@cameronsutherland.com
bcameron@cameronsutherland.com

*Attorneys for Plaintiff and Class*

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIANNA MORRIS, on behalf of herself and all others similarly situated, ) | Case No.: 2:19-CV-0128-TOR |
| Plaintiff, ) | |
| vs. ) | **PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |
| FPI MANAGEMENT, INC., a California corporation, ) | **Hearing Date: February 3, 2022 Time: 10:00 a.m.** |
| Defendant. ) | |

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS SETTLEMENT

# **TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................1

II. FACTS AND EVIDENCE RELIED UPON.........................................3

III. AUTHORITY AND ARGUMENT......................................................5

   A. The Notice Program Was Completed and Is Constitutionally Sound. ......5

   B. The Settlement is Fair, Reasonable, and Adequate ...................................8

      1. The settlement is the product of informed and non-collusive negotiations…………………………………………………..………9

      2. The Settlement Agreement is fair, reasonable, and adequate……….10

         a. The Amount Offered in Settlement……………………………11

         b. Fairness of Settlement in Light of Risks…………………………13

         c. Length and Expense of Continued Litigation……………………13

         d. The Extent of Discovery Completed and the Stage of the Proceedings…………………………………………………………14

         e. The Experience and Views of Counsel…………………………..15

         f. The Reaction of Settlement Class Members……………………..15

         g. The Presence of a Governmental Participant……………………16

   C. The Settlement Agreement Should Be Finally Approved ......................17

   D. Class Counsel's Requests for Fees, Costs, and Service Award Should

Be Granted and P&N Should Proceed to Distribute the Settlement Fund in Accordance with the Settlement Agreement………………………….. 17

IV.  CONCLUSION.................................................................................18

## TABLE OF AUTHORITIES

**Cases**

*In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988 (9th Cir. 2010*)*..............7

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) ................................. 8,10

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) .................................9

*Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569 (W.D. Wash. July 25, 2016).  .................................................................................9

*Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001 ...................................................................................9

*Pelletz v. Weyerhaeuser Co., 255 F.R.D.* 537 (W.D. Wash. 2009)...................9, 15

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553 (W.D. Wash. 2004) .................................................................................................10

*In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007) .............10,12

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979)...................................10

*In re Online DVD-Rental Antitrust Litig.,* 779 F.3d 934 (9th Cir. 2015) ..............11

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2001) ..........................12

*Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615(9th Cir. 1982*)*………12,13

*Rinky Dink, Inc. v. World Bus. Lenders, LLC,* No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016)…………………………………………14

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS SETTLEMENT

*Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) ........................................................16

**Statutes**

RCW 59.18.253………………………………………………………...2,12,13

RCW 59.18.257………………………………………………………...2,12,13

**Rules**

Fed. R. Civ. P. 23(e)………………………………………………………..5

Fed. R. Civ. P. 23(h)………………………………………………………..7

**Other Rules/Regulations**

Manual For Complex Litigation (Third) § 30.41…………………………………..8

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS SETTLEMENT

# I.     INTRODUCTION

Plaintiff and Class Counsel have achieved an excellent result for the Settlement Class and believe the Settlement is fair, adequate, and reasonable. The response of Settlement Class Members[1] to the Settlement demonstrates their agreement. The deadline for Settlement Class Members to object or exclude themselves has now passed. None of  the 35,829 Class Settlement Members who received direct notice objected. (ECF No. 50, ¶ 14; ECF No. 49, ¶ 8). Further, only two (2) of those 35,829 Class Settlement Members requested exclusion from the Settlement. (ECF No. 50, ¶ 13; ECF No. 49, ¶ 8).

The Notice Program implemented by Class Administrator Postlethwaite & Netterville, APAC, ("P&N") was effective and satisfies due process. A total of 39,888 (95.3%) of the potential 41,437 Settlement Class Members had mailing

/ / /

/ / /

/ / /

---

[1] Terms capitalized herein are done so for purposes of consistency with defined terms in the parties' settlement agreement.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 1

addresses and were mailed direct notice of the Settlement. (ECF No. 50, ¶ 12). A total of 35,829 Class Members (85.6%) received direct notice. *Id*. Accordingly, 35,827 Class Members will receive payments in the amount of $30.67. (ECF No. 49, ¶ 9).

As a result of this litigation, in addition to the monetary compensation provided to the Settlement Class Members, Defendant has also changed its holding fee and tenant screening practices to comply with RCW 59.18.253 and .257. (ECF No. 37, ¶¶ 12, 13).  Given the Settlement's substantial monetary and non-monetary relief, the proposed Settlement is fair, reasonable, and adequate.

As the requirements of Fed. R. Civ. P. 23(e) and (h) are satisfied, Plaintiff requests that the Court grant final approval of the Settlement by: (A) determining that adequate notice was provided to the Settlement Class; (B) determining the Settlement was fair, adequate, and reasonable; (C) finally approving the Settlement Class; and (D) approving Class Counsel's request for $400,000 in combined attorneys' fees, a service award of $10,000 to Class Representative Morris, and directing P&N to distribute the Settlement Fund in accordance with the Settlement Agreement.

/ / /

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 2

1

## II.    FACTS AND EVIDENCE RELIED UPON

2      On October 13, 2021, this Court granted Plaintiff's Unopposed Motion for

3   Preliminary Approval of the Class Action Settlement reached between Plaintiff

4   Brianna Morris and Defendant. (ECF No. 41). The Settlement required Defendant

5   to pay $1,600,000 into a Settlement Fund to be paid to Settlement Class Members,

6   after deducting all Settlement administration costs, award of attorneys' fees and

7   costs, and any incentive award to Plaintiff approved by the Court, subject to agreed

8   maximums. (ECF No. 37, Ex. A, ¶¶ 11, 14-16).

9      The Settlement Administrator mailed Post Card Notice to all Settlement

10  Class Members with deliverable addresses. (ECF No. 50, ¶¶ 6-8, 12; ECF No. 41).

11  The deadline for Settlement Class Members to object or exclude themselves from

12  the Settlement has passed. (ECF No. 50, ¶ 13). None of the Settlement Class

13  Members objected to the Settlement Agreement. (*Id*. at ¶ 14). Further, only two (2)

14  Settlement Class Members excluded themselves from the Settlement. (*Id*.)

15     Class Counsel filed their Motion for Award of Attorneys' Fees, Costs, and

16  Service Award to the Class Representative in accordance with the deadlines set

17  forth in the Court's Preliminary Approval Order. (ECF Nos. 45-47). No Settlement

18

19  PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
    CLASS SETTLEMENT - 3
20

Class Member objected to the amounts requested for attorneys' fees, costs or the Class Representative incentive award.

This Motion relies upon the following pleadings and evidence previously filed with this Court:

1. ECF Nos. 35, 36 (Plaintiff's Unopposed Motion and Memorandum in Support of Motion for Preliminary Approval of Class Settlement)

2. ECF No. 37 ( Declaration of Kirk D. Miller in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement)

3. ECF No. 45 (Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Service Award)

4. ECF No. 46 (Declaration of Kik D. Miller in Support of Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Service Award)

5. ECF No. 47 (Declaration of Shayne J. Sutherland in Support of Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Service Award)

This Motion also relies on the following declarations filed concurrently with this motion: (1) ECF No. 49, Declaration of Kirk D. Miller in Support of Plaintiff's Motion for Final Approval of Settlement; and (2) ECF No. 50, Declaration of the Settlement Administrator, Project Manager, Ryan Aldridge. Plaintiff incorporates

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 4

the factual statements included in her memorandum in support of her motion for preliminary approval of the Settlement (ECF No. 36).

## III.    AUTHORITY AND ARGUMENT

Federal Rule of Civil Procedure 23(e) requires the Court to direct notice in a reasonable manner to Class Members bound by the Settlement and to determine whether the Settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)-(2).

**A.    The Notice Program Was Completed and Is Constitutionally Sound.**

This Court previously determined that the Notice Program proposed by the parties meets the requirements of due process and applicable law, provides the best notice practicable under the circumstances, and constitutes due and sufficient notice to all individuals entitled thereto.[2] (ECF No. 41, 18:3-19:10).

_____

[2] In preparing for final approval, it was discovered by the parties and Class Administrator that the expected recovery ($20.56) at the time of preliminary approval should the maximum number of class members remain in the Settlement was inadvertently omitted from the class notices.  On the date this omission was discovered, January 6, 2022, the parties and the Class Administrator immediately updated the Settlement Website to inform the 35,828 Class Members of the expected $30.67 payout.  The Settlement Website also informed Class Members that if they had any objection or request for exclusion based on this new information that they could contact the Class Administrator prior to February 2, 2022, at 10 a.m. to have those requests honored.  To the date of this pleading, no

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 5

1   After the Court entered the Preliminary Approval Order, P&N executed the

2   Notice Program. (ECF No. 50, ¶¶ 6-14). Defendant provided P&N with a data file

3   containing 80,134 records. (*Id*. at ¶ 6). After consolidating and executing a de-

4   duplication process, P&N determined that there were 41,837 unique Class Member

5   records and 39,888 records with a mailing address. (*Id*.) From Defendant's records,

6   P&N was able to mail out 39,888 postcard notices, and after a re-mailing process

7   executed for undelivered notices, 35,829 or 85.6% of Class Members received

8   direct notice. (*Id*. at ¶ 12).

9   The Postcard Notice included the web address to the Settlement Website for

10   access to additional information about the Settlement, rights and options as a Class

11   Member, the dates by which to act on those options, the date and location of the

12   Final Approval hearing, and the P.O. Box maintained for the purpose of receiving

13   mail in connection with the Settlement. (*Id*. at ¶ 7, Ex. B).

14   Prior to the mailing, all mailing addresses were crosschecked against the

15   National Change of Address (NCOA) database maintained by the United States

16   _____

17   additional exclusion requests and no objections have been received.  ECF No. 49, ¶

18   14.  The Settlement Website had already included the expected payout information

    in Plaintiff's previous pleadings for Preliminary Approval, Motion and Supporting

    Documents for Attorney's Fees, and this Court's Preliminary Approval Order. *Id*.

19   PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF

20   CLASS SETTLEMENT - 6

Postal Service (USPS). (*Id*. at ¶ 8). In addition, the addresses were certified via the Coding Accuracy Support System (CASS) to ensure the quality of the zip code and verified through Delivery Point Validation (DPV) to verify the accuracy of the addresses. (*Id*. at ¶ 8).

P&N also established a Settlement Website, where Settlement Class Members could obtain information about the Settlement Agreement, obtain a form to exclude themselves from the Settlement, review Frequently Asked Questions (FAQs) and answers thereto, and view other relevant documents including Plaintiffs' motions and supporting pleadings for preliminary approval and attorneys' fees, costs, and service awards which also provided information on the expected class size and payment amounts. (ECF No. 49, ¶ 14; ECF No. 50, ¶ 10).

Further, Class Counsel's Motion for Award of Attorneys' Fees, Costs, and Service Award was filed with the Court and posted on the Settlement Website at least thirty (30) days before the deadline for Class Members to object to the Settlement, satisfying the requirements of Rule 23(h). *See* Fed. R. Civ. P. 23(h); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010). Class Counsel filed their Motion for Award of Attorneys' Fees, Costs, and Service Award, and supporting declarations in connection with the Settlement on August

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 7

27, 2021. (ECF Nos. 45-47). Since that time, No Settlement Class Members objected to Class Counsel's Motion. (ECF No. 50, ¶ 14; ECF No. 49, ¶¶ 8, 14).

**B.      The Settlement is Fair, Reasonable, and Adequate.**

When considering a motion for final approval of a class action settlement under Rule 23, a court must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). A settlement merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 421–22 (2015). Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's role in reviewing the substance of that settlement is to ensure that it is "fair, adequate, and free from collusion." *Hanlon*, 150 F.3d at 1026. Here, the parties engaged in arm's-length, non-collusive negotiations to reach the Settlement Agreement. Moreover, all factors that courts consider when evaluating settlements indicate that it is fair, reasonable, and adequate. Thus, the settlement should be approved.

/ / /

/ / /

/ / /

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 8

1

2

**1. The settlement is the product of informed and non-collusive negotiations.**

The Ninth Circuit puts "a good deal of stock in the product of an arm's-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). "Arm's-length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016). Experienced, competent attorneys negotiated the settlement reached in this case. (ECF No. 37, ¶¶ 5, 9, 10).  The parties, through counsel, engaged in discussions over an extended period of time with the assistance of an experienced mediator, Honorable Sharon Armstrong (Ret.) of JAMS, which ultimately resulted in the Settlement Agreement. (*Id*. at ¶ 9). Such negotiations are prima-facie evidence of a settlement that is fair and reasonable. *See Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697, *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery."); *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542–43 (W.D. Wash. 2009) (approving settlement "reached after good faith, arms-length

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 9

negotiations"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith, following arms-length and non-collusive negotiations"); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.").

Prior to the Settlement, Class Counsel spent a considerable amount of time engaging in investigation of Defendant's business practices and corporate structure, written discovery, document review and analysis of data to ascertain a reasonable range of damages. (ECF No. 37, ¶ 8). *See also Hanlon*, 150 F.3d at 1027 (no basis to disturb the settlement, in the absence of any evidence suggesting that the settlement was negotiated in haste or in the absence of information).

**2.  The Settlement Agreement is fair, reasonable, and adequate.**

To assess the fairness of a settlement, courts in the Ninth Circuit look at the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the state of the proceedings; the experience and views of counsel; the presence of a governmental

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 10

participant; and the reaction of the class Members to the proposed settlement. *In re Online DVD-Rental Antitrust Litig.,* 779 F.3d 934, 944 (9th Cir. 2015).

### a. The Amount Offered in Settlement

The Settlement Agreement required Defendant to pay $1,600,000 into a Settlement Fund. (ECF No. 37, ¶ 11). In addition, Defendant agreed to pay for all class administration costs, attorneys' fees, and costs, and service award, up to maximum amounts set forth in the Settlement Agreement, and as approved by the Court. (*Id.* at ¶¶ 14-16). All of the $1,600,000 in settlement funds will be distributed between Class Members, administration costs, attorneys' fees and costs and service award, with any unclaimed, unused, or unawarded funds being distributed as *cy pres* donations to nonprofits Northwest Justice Project, Family Promise Spokane, and Consumer Education and Training Services (CENTS). (*Id.* at 17). In no way will any of the Settlement Funds revert to the Defendant. (*Id*). The 35,827 Class Members will receive payments of $30.67 each. (ECF No. 49, ¶ 9).

Class Counsel considered that Class Members could have obtained a judgment for more than the amount of the Settlement had the case proceeded to trial. The Class may have been able to obtain statutory damages up to $135, under

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 11

1    Washington's Residential Landlord Tenant Act.[3]  *See* RCW 59.18.253; 59.18.257.

2         However, the reduction from the maximum statutory damages reflects that the

3    case was not fully resolved on its merits, the risks of further litigation, and the

4    substantial delay in obtaining payments if the case proceeded to trial.

5         In addition, "[i]t is well-settled law that a cash settlement amounting to only

6    a fraction of the potential recovery does not *per se* render the settlement inadequate

7    or unfair." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2001)

8    (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir.

9    1982)) (approving a settlement estimated to be worth 16–50% of the plaintiffs'

10   estimated loss); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d at 1042 (approving

11   settlement amounting to 9% percent of estimated total damages).

12        This litigation has also resulted in a significant non-monetary benefit to the

13   Settlement Class. As part of the Settlement Agreement, Defendant has agreed to

14   fully comply with RCW 59.18.257 and .253's requirements. (ECF No. 37, ¶¶ 12, 13,

15   Exs. 2 & 3).

16   / / /

17   _____

18   [3] Total maximum damages, without the Court awarding discretionary damages, was $135 to the Plaintiff ($35 screening fee and $100 holding fee.)

19   PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF

20   CLASS SETTLEMENT - 12

### b. Fairness of Settlement in Light of Risks

Plaintiff believes in the strength of her case, but was aware that, as with any lawsuit, she risked losing on the merits. Defendant consistently denied liability for Plaintiff's claims and asserted twelve (12) affirmative defenses. (ECF No. 10). Absent this settlement, Plaintiff would have had several hurdles to clear before resolution, including additional discovery, a contested class certification motion, dispositive motions to be filed by both parties, and ultimately trial and any appeal that followed. Finally, the controlling statutes at issue in this matter, RCW 59.18.253 and .257, provide for two-sided attorney fee-shifting. Although Plaintiff was confident in her action, such potential catastrophic personal financial risk is a significant factor that was and must be considered. With this Settlement, Class Members avoid all of those risks and obstacles to recovery and will receive substantial benefits in a timely fashion.

### c. Length and Expense of Continued Litigation

Another factor in assessing the fairness of the proposed Settlement is the complexity, expense, and likely duration of this lawsuit had settlement not been achieved. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d at 625. Litigation would be lengthy and expensive if this action were to proceed. Although the parties

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 13

had completed some discovery at the time they reached agreement, extensive motion work, including competing dispositive motions, remained. An appeal may have further delayed collection of any judgment in favor of Settlement Class Members.

The Settlement avoids these risks and provides immediate and certain relief. Moreover, Defendant expressed every intention of vigorously defending this action, absent the Settlement. (ECF No. 10). Class Counsel has a significant amount of experience in consumer individual and class actions, including tenant-sided landlord tenant classes, and know from their own experience that any case involving a class of consumers can, and often does, lead to costly litigation that goes on for years. (ECF No. 49, ¶ 5). In contrast, the Settlement provides substantial relief to Settlement Class Members without delay.

### d. The Extent of Discovery Completed and the Stage of the Proceedings

Final approval is favored because substantial investigation and discovery were completed prior to the Settlement. "A key inquiry is whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 3087073, at *3 (W.D. Wash. May 31, 2016).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 14

Class Counsel thoroughly analyzed the factual and legal issues involved in this case. (ECF No. 37, ¶¶ 8, 9, 18; ECF No. 49, ¶¶ 4, 6). Although work remained, Class Counsel were well-informed about the strengths and weaknesses of Plaintiff's case at the time mediation was conducted and when the case was settled. *Id*. This factor favors final approval of the Settlement.

### e. The Experience and Views of Counsel

Where Class Counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co*., 255 F.R.D. at 543. Here, Class Counsel believes the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. (ECF No. 37, ¶ 18; ECF No. 49, ¶ 13).

### f. The Reaction of Settlement Class Members

A positive response to a settlement by the class further supports final approval. *See Pelletz*, 255 F.R.D. at 543. Here, the reaction to the Settlement has been overwhelmingly positive. None of the 35,829 Settlement Class Members who received notice objected to the Settlement or any of its terms. (ECF No. 50, ¶ 14; ECF No. 49, ¶ 8). In addition, only two (2) of the 35,829 Class Members requested exclusion from the Settlement. (ECF No. 50, ¶ 13; ECF No. 49, ¶ 8).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 15

Furthermore, Class Counsel spoke with a number of Class Members who positively responded to the Settlement. (ECF No. 49, ¶ 11). The fact that none of the more than 35,800 Class Members who received direct notice objected and only two (2) requested exclusion indicates class-wide support for the Settlement and weighs in favor of approval.

### g.  The Presence of a Governmental Participant

No governmental entity is a party to this action. However, in compliance with the notice provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant, through P&N, provided notice of the Settlement and related materials to be sent to the Attorney General for the 53 states and provinces for which Settlement Class Members currently reside, as well as the Attorney General of the United States. (ECF No. 50, ¶ 5). "Although CAFA does not create an affirmative duty for either state or federal officials to take any action in response to class action settlement, CAFA presumes that, once put on notice, either state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures." *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010). As it appears that no

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 16

governmental entity has objected to the Settlement, this factor favors approval. (ECF No. 49, ¶ 12).

**C.        The Settlement Agreement Should Be Finally Approved.**

In its October 13, 2021, Order, this Court conditionally certified this matter as a class action and preliminarily approved the Class Settlement. (ECF No. 41). For all the reasons set forth in Plaintiff's preliminary approval briefing, the supplemental briefing Plaintiff provided herein and in her Motions for an Award of Attorneys' Fees, Costs, and Service Award, and Preliminary Approval, the Court should finally approve the parties' Class Settlement.

**D.        Class Counsel's Requests for Fees, Costs, and Service Award Should Be Granted and P&N Should Proceed to Distribute the Settlement Fund in Accordance with the Settlement Agreement.**

Not a single Settlement Class Member specifically objected to Class Counsel's request for reasonable attorneys' fees, costs, and service award to the Class Representative. (ECF No. 49, ¶ 8; ECF No. 50, ¶ 14). Class Counsel spent more than 250 hours litigating this case. (ECF No. 46, ¶ 30, Ex. A; ECF No. 47, ¶¶ 14, 15).  Class Counsel are requesting an award of $400,000 in combined costs and fees, which is at the Ninth Circuit's 25 percent benchmark of the common fund. (ECF No. 41 at 17). As a lodestar cross-check, Class Counsel is requesting their

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 17

lodestar fees, with a multiplier no larger than 3.33, which is less than the Ninth Circuit's 4x benchmark. (ECF No. 45, at 15-16; ECF No. 46, ¶ 30, Ex. A; ECF No. 47 ¶¶ 14, 15;  ECF No. 46-1). Finally, Class Representative Morris requests a $10,000 service award, which is reasonable and appropriate given the effort she put forth in bringing this claim, the risk she incurred in doing so, and because it is on par with Ninth Circuit service awards. (ECF No. 45 at 22-24).

Accordingly, Class Counsel respectfully request the Court find their attorney fee request reasonable and award their uncontested $400,000 in combined attorneys' fees and costs, award $10,000 to Class Representative Brianna Morris, and direct P&N to distribute the Settlement Fund as set forth in the Settlement Agreement.

## IV.  CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (A) determining that adequate notice was provided to the Settlement Class; (B) determining the Settlement was fair, adequate, and reasonable; (C) finally approving the Settlement Class; (D) granting Class Counsel $400,000 in combined attorneys' fees and costs, approving a service award of $10,000 to Class Representative Brianna Morris, and directing P&N to distribute the Settlement Fund in accordance with the parties' Settlement Agreement.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 18

RESPECTFULLY SUBMITTED this 18th day of January, 2021.


KIRK D. MILLER, P.S.                    CAMERON SUTHERLAND, PLLC

 s/ *Kirk D. Miller*                      s/ *Shayne J. Sutherland*
Kirk D. Miller, WSBA #40025             Shayne J. Sutherland, WSBA #44593
Attorney for Plaintiff and Class        Brian G. Cameron, WSBA #44905
                                        Attorneys for Plaintiff and Class

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 19

**CM/ECF Certificate of Service**

I hereby certify that on the 18th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of filing to the following:

Jonathan Tebbs                  jtebbs@cairncross.com
Attorney for Defendant


Binah B. Yeung                  byeung@cairncross.com
Attorney for Defendant

Daniel L Baxter                 dbaxter@wilkefleury.com
Attorney for Defendant          vgarner@wilkefleury.com

Kirk D. Miller                  kmiller@millerlawspokane.com
Attorney for Plaintiff

Brian G. Cameron                bcameron@cameronsutherland.com
Attorney for Plaintiff

Shayne J. Sutherland            ssutherland@cameronsutherland.com
Attorney for Plaintiff


                                s/ *Teri A. Brown*
                                Teri A. Brown, Paralegal


PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 20