1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7    BRIANNA MORRIS, on behalf of
     herself and all others similarly          NO. 2:19-CV-0128-TOR
8    situated,

9                              Plaintiffs,     ORDER GRANTING UNOPPOSED
                                               MOTION FOR FINAL APPROVAL
10        v.                                   OF CLASS ACTION SETTLEMENT
                                               AND GRANTING MOTION FOR
11                                             AWARD OF ATTORNEYS' FEES,
     FPI MANAGEMENT, INC., a                   COSTS, AND SERVICE AWARD
12   California Corporation,

13                             Defendant.

14        BEFORE THE COURT are Plaintiffs' Unopposed Motion for Final

15   Approval of Class Action Settlement (ECF No. 48) and Motion for Award of

16   Attorneys' Fees, Costs, and Service Award (ECF No. 45). These matters were

17   heard with oral argument on February 3, 2022, for the purpose of determining the

18   fairness of the proposed terms of the class action settlement and the requested fees

19   and costs. The Court has reviewed the record and files herein, the completed

20   briefing, and is fully informed. For the reasons discussed below, Plaintiffs'

     ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
     CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
     OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 1

Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 48) and Motion for Award of Attorneys' Fees, Costs, and Service Award (ECF No. 45) are **GRANTED**.

## BACKGROUND

Plaintiff Brianna Morris and others similarly situated brought this class action against Defendant FPI Management, Inc., alleging Defendant unlawfully collected information from, and charged fees to, prospective tenants without first providing certain tenant screening disclosures required by Washington state law. ECF No. 36 at 2. Plaintiffs also allege Defendant unlawfully charged them a holding fee for a dwelling unit before unconditionally offering them the dwelling unit. *Id*. Defendant denies the allegations and has asserted various defenses to the claims. *Id*.

On October 13, 2021, the Court granted Plaintiffs' Unopposed Motion for Class Certification and Preliminary Approval of Class Settlement, and scheduled a final fairness hearing for February 3, 2022. ECF No. 41. Notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order and was reasonably calculated to provide actual notice to the class members. In the instant motion, the parties seek final approval of their class action settlement and the award of attorneys' fees, costs, and service award. ECF Nos. 48, 45.

//

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 2

# DISCUSSION

## I.    Approval of Class Action Settlement

Approval of a proposed class action settlement is governed by Federal Rule of Civil Procedure 23(e).  Rule 23 was amended in 2018 to address issues related to settlement, and to take account of issues that have emerged since the rule was last amended in 2003.  *See* Fed. R. Civ. P. 23, Committee Notes on Rules—2018 Amendment.  Particularly relevant here, the 2018 amendment to Rule 23(e) establishes core factors district courts must consider when evaluating a request to approve a proposed settlement.  As amended, Rule 23(e) now provides that the Court may approve a class action settlement "only after a hearing and only on a finding that it is fair, reasonable, and adequate after considering whether":

1.  the class representatives and class counsel have adequately represented the class;
2.  the proposal was negotiated at arm's length;
3.  the relief provided for the class is adequate, taking into account:
    (i)    the costs, risks, and delay of trial and appeal;
    (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv)   any agreement required to be identified under Rule 23(e)(3); and
4.  the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 3

Under Rule 23(e), both its prior version and as amended, fairness, reasonableness, and adequacy are the touchstones for approval of a class-action settlement. Over the years, courts have generated lists of factors to analyze whether a proposed settlement meets these requirements. In the Ninth Circuit, for example, courts consider the eight *Churchill* factors when assessing the fairness of a post-certification settlement.[1] *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (citation omitted); *Churchill Vill., L.L.C., v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). The purpose of the amendment to Rule 23(e)(2) is establish a consistent set of approval factors to be applied uniformly in every

---

[1]    The *Churchill* factors include: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (citation omitted); *Churchill Vill., L.L.C., v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Additionally, "the settlement may not be the product of collusion among the negotiating parties." *Churchill*, 361 F.3d at 576.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 4

1    circuit, without displacing the various lists of additional approval factors the circuit

2    courts have created over the past several decades.  As the Advisory Committee

3    Notes explain, "[t]he goal of this amendment is not to displace any factor, but

4    rather to focus the court and the lawyers on the core concerns of procedure and

5    substance that should guide the decision whether to approve the proposal."  Fed. R.

6    Civ. P. 23, Committee Notes on Rules—2018 Amendment, Subdivision (e)(2); *see*

7    *also McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 609 n.4 (9th Cir. 2021) ("The

8    amended Rule 23(e) did not 'displace' this court's previous articulation of the

9    relevant factors, and it is still appropriate for district courts to consider these

10    factors in their holistic assessment of settlement fairness.").

11    For reasons discussed below, the Court concludes that the Settlement

12    Agreement satisfies the requirements of Rule 23(e)(2).

13    **A.  Adequate Representation**

14    First, the Court finds that Class Counsel and the Class Representative, Ms.

15    Morris, have adequately represented the Class.  The parties, through counsel,

16    engaged in discussions over an extended period of time and utilized an experienced

17    mediator.  ECF No. 48 at 13.  Class counsel spent considerable time investigating

18    Defendant's business practices and corporate structure, engaged in written

19    discovery and document review, and analyzed data to ascertain a reasonable

20    calculation of damages.  *Id*. at 14.  Accordingly, the Court finds that Class Counsel

1  and Ms. Morris have been diligent in their representation of the class.

2  **B.  Arm's Length Negotiations**

3  Regarding the negotiation process, the Court finds the Settlement Agreement

4  is the result of an adversarial, non-collusive, and arms-length negotiation.  On

5  November 4, 2020, the parties engaged in a full-day mediation with the Honorable

6  Sharon Armstrong (Ret.), who has extensive experience in resolving complex

7  cases such as this.  ECF Nos. 48 at 13; 37 at 3, ¶ 9.  Although a settlement was not

8  reached at that time, the parties continued to negotiate with Judge Armstrong's

9  assistance, and eventually agreed to the material terms of the settlement on

10  November 11, 2020.  ECF No. 48 at 13.  Because the Settlement Agreement was

11  achieved under the supervision of a trusted third-party mediator following

12  extensive settlement negotiations, the Court is assured the negotiations were

13  conduct at arm's-length and without collusion among the parties.  Accordingly, the

14  Court finds no signs of conflicts of interest, collusion, or bad faith in the parties'

15  settlement negotiation process.

16  **C.  Adequate Relief**

17  The Court concludes that the relief provided for the Class is adequate.  First,

18  the amount offered in settlement and the proposed payment to class members

19  appears fair.  The Settlement Agreement requires Defendant to pay $1,600,000 into

20  a Settlement Fund.  ECF No. 37-1 at 4, ¶ 2.01.  Class counsel estimates that the

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 6

1    class members will receive an award of approximately $30.00 each.  ECF No. 48 at

2    15.  Although the award amount is lower than what class members may have been

3    able to obtain had the case proceeded to trial, the reduced award reflects the

4    truncated litigation timeframe, the risks posed by additional litigation, and any

5    delay that may have been encountered while obtaining payments after a trial.  ECF

6    No. 48 at 16.  Consequently, the Court concludes that the settlement amount is fair

7    and reasonable.

8        The Court also finds the expected relief for Class Members is adequate

9    considering the four factors listed in Rule 23(e)(2)(C).  As noted, amended Rule

10   23(e)(2)(C) identifies four discrete subtopics that courts should always consider

11   when assessing the adequacy of relief provided for a class.  The Court discusses

12   each subtopic below.

13        *1.  Costs, risks, and delay of trial and appeal*

14       The settlement of this case is taking place relatively early in the litigation.

15   The parties engaged in some discovery, but they had not yet begun to engage in

16   motion work.  While it is too early to know how extensive the litigation would

17   have been in this matter, it could have been lengthy and costly.  As to the risks,

18   although Plaintiff Morris believed in the strength of her case, class counsel

19   indicates she was aware of the risk that she might lose on the merits of the case.

20   ECF No. 48 at 17.  Defendant continued to deny liability throughout the course of

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 7

litigation and asserted twelve affirmative defenses.  *Id*.  Plaintiff Morris recognized she would face several hurdles before resolution of the matter, including additional discovery, contested class certification, dispositive motion practice, and ultimately, trial and the potential for an appeal.  *Id*.  Finally, Plaintiff Morris was aware she potentially faced catastrophic financial risk absent this settlement due to the provision of attorney fee-shifting in the controlling state statute in this matter.  *Id*.

2.  *Effectiveness of proposed method of distributing relief to the class*

The Settlement Agreement provides a straightforward process for distributing the Settlement Fund to Class Members.  Under the terms of the Agreement, Defendant will deposit $1,600,000, less the Class Administrator's fees, into the Settlement Fund.  ECF No. 37-1 at 4, ¶ 2.01.  Rather than requiring Class Members to submit claims as a condition of recovery, settlement award checks will be mailed to all Settlement Class Members for whom the Class Administrator has a deliverable address.  *Id*.  Checks will be mailed within fifteen calendar days of the Court's Final Approval of the Settlement and will remain valid for sixty days.  *Id*.; *id*. at ¶ 2.06.

The Court notes the scope of the class has been narrowed since the Court entered its Preliminary Approval of Class Settlement, thus increasing the amount of payment each class member will receive.  The Class Administrator identifies

35,829 class members that were successfully reached[2] by the mailed Notice, with three class members asking to be excluded from the Settlement Agreement. ECF Nos. 50 at 5, ¶ 12; 51 at 2, ¶ 4. This is a reduction from the initial 53,000 class members identified by class counsel during preliminary approval. ECF No. 36 at 5. Thus, the settlement distribution is now estimated to be approximately $30.00 per class member. ECF No. 48 at 15.

According to the terms of the Settlement Agreement, any payments deemed undeliverable or unnegotiated after sixty days will be donated in equal amounts to the identified *cy pres* recipients. ECF No. 37 at 6, ¶ 2.06. Additionally, if the costs of the settlement administration are less than the allocated $100,000, the remaining funds will also be distributed as *cy pres*. *Id*. The Court determines that the proposed method of distribution should equitably and effectively distribute relief to the Class.

### 3. Terms of proposed award of attorneys' fees

Class Counsel seeks $400,000 in combined costs and fees. ECF No. 48 at 21. The award amount equals the Ninth Circuit's 25% benchmark for common

---

[2]    The Class Administrator considers a class member "reached" by the mailed Notice if the Notice Postcard is not returned by USPS as undeliverable. ECF No. 50 at 5 n.1.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 9

fund cases. *Id*. Additionally, class counsel is seeking a lodestar cross-check, with a multiplier of 3.33, which is below the Ninth Circuit's 4x benchmark. *Id*. at 22. Finally, Ms. Morris is requesting $10,000 as a class representative award for her time and effort expended to bring and litigate the claim. *Id*. All fees are to be paid from the Settlement Fund. ECF No. 37-1 at 5, ¶ 2.04.03. No class member objected to the proposed award amounts. ECF No. 48 at 21. Accordingly, the Court finds the award amounts fair and reasonable.

### 4. Any agreement required to be identified under Rule 23(e)(3)

The Court has not been advised of any side agreements made in connection with the proposed settlement pursuant to Rule 23(e)(3). Thus, there is nothing for the Court to consider.

### D. The Settlement Agreement Treats Class Members Equitably

The Court finds the apportionment among class members appropriately accounts for the similarities among their claims. Here, the Settlement Fund will be distributed equally among the Class Members. Because the application and screening fees charged by Defendant to the Class Members were the same, it follows that the settlement award amount would also be the same for each Class Member. *See* ECF No. 36 at 7. No class members objected to the equal distribution of the settlement award. The Court finds the Settlement Agreement treats Class Members equitably.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 10

1    In sum, the Court determines that the proposed Settlement is fair,

2    reasonable, and adequate.  Class Counsel and Ms. Morris have sufficiently

3    represented the Class, the Settlement Agreement was negotiated at arm's length,

4    the relief provided to the Class is adequate, and the Settlement Agreement treats

5    Class Members equitably relative to each other and their claims.

6    **II.    Attorneys' Fees and Costs**

7    Plaintiffs seeks final approval of an award of attorneys' fees to Class

8    Counsel pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2) in the

9    total combined amount of $400,000, plus a combined statutory damages and

10   service award payment of $10,000 for Ms. Morris as Class Representative.  ECF

11   No. 45 at 8.  The requested fees represent 25% of the gross settlement amount.  *Id.*

12   at 9.

13   Federal Rule of Civil Procedure 54(d)(2) specifies that requests for

14   attorney's fees and costs shall be made by motion "unless the substantive law

15   requires those fees to be proved at trial as an element of damages," but the rule

16   does not itself authorize the awarding of fees.  Fed. R. Civ. P. 54(d)(2).  Federal

17   Rule of Civil Procedure 23(h) provides that, "[i]n a certified class action, the court

18   may award reasonable attorney's fees and nontaxable costs that are authorized by

19   law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  "While attorneys' fees

20   and costs may be awarded in a certified class action where so authorized by law or

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 11

1   the parties' agreement, courts have an independent obligation to ensure that the

2   award, like the settlement itself, is reasonable, even if the parties already agreed to

3   an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th

4   Cir. 2011) (citation omitted).  An attorney is entitled to "recover as part of the

5   award of attorney's fees those out-of-pocket expenses that would normally be

6   charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir.

7   1994) (quotation and citation omitted).

8   ### A.  Attorneys' Fees

9       "Where a settlement produces a common fund for the benefit of the entire

10  class," as in this case, district courts have discretion to employ either the lodestar

11  method or the percentage-of-the-fund method to determine the reasonableness of

12  an award of attorneys' fees.  *In re Bluetooth Headset*, 654 F.3d at 942; *Vizcaino v.*

13  *Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  However, in diversity

14  actions such as this one, the Ninth Circuit applies state law to determine the right

15  to fees and the method for calculating them.  *Mangold v. California Pub. Utilities*

16  *Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  Under Washington law, the

17  percentage-of-the-fund method is used to calculate class action attorneys' fees in

18  common fund cases.  *Vizcaino*, 290 F.3d at 1047; *Bowles v. Dep't of Ret. Sys.*, 121

19  Wash. 2d 52, 72 (1993) (holding that in common fund cases, "the size of the

20  recovery constitutes a suitable measure of the attorneys' performance.").  Because

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 12

Class Counsel's efforts created a $1,600,000 common fund for the benefit of the Class, the Court finds that the percentage method is appropriate in this case.

The Ninth Circuit has established 25% of the settlement fund as the "benchmark" award for reasonable attorneys' fees in common fund cases. *Vizcaino*, 290 F.3d at 1047; *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). However, the 25% benchmark rate is only the "starting point for analysis." *Vizcaino*, 290 F.3d at 1048. "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Id*. Specifically, in arriving at a particular percentage, courts must consider not only the size of the fund, but also:

> the extent to which class counsel achieved exceptional results for the class, whether the case was risky for class counsel, whether counsel's performance generated benefits beyond the cash settlement fund, the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case . . . , and whether the case was handled on a contingency basis.

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1048–50) (quotations omitted).

Here, Class Counsel seek 25% of the non-revisionary common fund generated for the benefit of the Class, which is the benchmark fee award. ECF No.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 13

48 at 15.  After reviewing the record and surrounding circumstances, the Court determines that Class Counsels' percentage of recovery fee request is reasonable.

### 1.    Results Achieved and Risk of Litigation

Class Counsel achieved good results for the Class.  In a common fund case, "the size of the recovery constitutes a suitable measure of the attorneys' performance." *Bowles*, 121 Wash.2d at 72.  Here, the Settlement Agreement requires Defendant to pay $1,600,000 into the non-reversionary Settlement Fund to compensate Class Members.  The size of the award is a good result for the Class Members in light of the application and holding fees charged by Defendant.  Additionally, the Settlement Agreement includes injunctive relief that requires Defendant to comply with the state laws that were allegedly being violated.  ECF No. 37-1 at 6, ¶ 2.07.  Also, Class Counsel took a risk in pursuing this case.  Class Counsel represented Plaintiff Morris and the Class on a contingency bases, invested hundreds of hours over the course of three years, and advanced litigation costs.  ECF No. 45 at 17.  Accordingly, the Court finds that Plaintiffs' and Class Counsel's recovery of $1,600,000 constitutes a good result for the Class given the obstacles and the risks of litigation.

### 2.    Counsel's Performance and Burdens

Class Counsel litigated this case with skill and performed quality work, as reflected in the results obtained.  Class Counsel has demonstrated their diligence in

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 14

this action and their experience in litigating class action cases.  Notably, Class

Counsel proceeded with a claim that had not yet been brought in a class action

setting, with no relevant caselaw on point.  ECF No. 45 at 18.  The Court finds

Class Counsel's performance weighs in favor of granting the requested fee.

### 3. Market Rate

The Ninth Circuit has rejected the requirement that a court should determine

a reasonable fee by attempting to replicate the market rate.  *Vizcaino*, 290 F.3d at

1049.  "[I]n most cases it may be more appropriate to examine lawyers' reasonable

expectations, which are based on the circumstances of the case and the range of fee

awards out of common funds of comparable size."  *Id.* at 1050.  Here, Class

Counsel's request is at the Ninth Circuit's 25% benchmark, which weighs in favor

of granting the requested attorneys' fees.

### B. Lodestar Cross-Check

District courts often use the lodestar method as a cross-check on the

reasonableness of the percentage award.  *Vizcaino*, 290 F.3d at 1050.  The lodestar

method involves multiplying the number of hours reasonably expended on the

claim or motion by a reasonable hourly rate.  *Camacho v. Bridgeport Fin., Inc*.,

523 F.3d 973, 978 (9th Cir. 2008); *Scott Fetzer Co. v. Weeks*, 122 Wash. 2d 141,

149–50 (1993).  The calculation of reasonable hours and hourly rate is entrusted to

the discretion of the court applying the principles set forth in *Hensley v. Eckerhart*,

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 15

in light of the court's first-hand contact with the litigation and attorneys involved. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

### 1.    Hours Expended

When determining the reasonableness of the hours expended, a court should not consider hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  Here, Class Counsel has spent 225 hours litigating this matter, which excludes the time spent preparing the final approval motion papers and attending the final approval hearing.  ECF No. 45 at 22.  Class Counsel have provided the Court with their detailed billing records, which show the work performed by each attorney and staff member included in Class Counsel's lodestar calculation.  *See* ECF No. 46-1.  Having reviewed the billing records and considering the stage of the litigation, the Court finds nothing to suggest any of the hours claimed should be disallowed.

### 2.    Hourly Rate

When determining the reasonableness of the attorney's proposed hourly rate, the court looks to hourly rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation.  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (citation omitted).  A reasonable hourly rate should account for factors such as the attorney's customary hourly billing rate, the level of skill required by the litigation,

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 16

the time limitations imposed on the litigation, the amount of potential recovery, the attorney's reputation, and the undesirability of the case. *Bowers v. Transamerica Title Ins. Co.*, 100 Wash. 2d 581, 597 (1983).

Here, the hourly rates charged by the Class Counsel range from $150 for paralegals to $525 for senior partners. ECF No. 46 at 6, ¶ 23, at 8, ¶ 30. The Court, based on its independent review as well as its review of the supporting documents submitted by Plaintiffs, finds the rates billed by Class Counsel are commensurate with the prevailing rates for similar representation in the relevant market. *See Ingram*, 647 F.3d at 928 (holding that a district court may rely on its own knowledge and experience when determining a reasonable hourly rate for the services performed).

The declarations and other materials filed by Class Counsel show that their fees for work done on this case, if charged at current hourly rates, would come to $110,002.50. ECF No. 46-1 at 12. Using Class Counsel's lodestar, the requested award of 25% of the Settlement Fund results in a lodestar multiplier of 3.64. In common fund cases, multipliers ranging from one to four are frequently awarded. *Vizcaino*, 290 F.3d at 1051 n.6 (describing range of multipliers in common fund cases). Because the lodestar multiplier is within the range of what the Ninth Circuit considers appropriate, the Court finds that the requested attorneys' fees appear reasonable in this case.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 17

## C.  Litigation Costs

Class Counsel requests an award of costs in the amount of $1,100.  ECF No. 45 at 29.  The itemized list of expenses provided by counsel supports a conclusion that the expenses were reasonably incurred in prosecution of this litigation and were reasonably necessary.  *See* ECF No. 46-2.  The costs incurred relate to the court filing fee, the service of process fee, and photocopies, printing, and scanning fees.  *Id*.  The Court finds the request for costs is reasonable and reflects necessary expenditures to obtain a favorable settlement.

## III.  Class Representative Service Award

The Court also preliminarily concludes that the compromised amount for the class representative's incentive award is reasonable.  "Incentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class action cases."  *Online DVD-Rental*, 779 F.3d at 943.  Incentive awards are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives.  *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013).  In assessing the reasonableness of an incentive award, courts look to the number of plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment.  *Online DVD-Rental*, 779 F.3d at 947.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 18

1    Here, Ms. Morris is the sole named plaintiff to receive an incentive payment.

2    The requested incentive payment—$10,000—makes up less than 1% of the total

3    settlement award.  Although the incentive payment is noticeably greater than the

4    $30.67 award for all unnamed class members, Ms. Morris assisted with Class

5    Counsel with investigating Defendant's practices, drafting the complaint, and

6    participated in negotiating the settlement of this matter.  ECF No. 45 at 30.  The

7    Court concludes that the requested incentive award of $10,000 is reasonable.

8    **IV.    *Cy Pres* Distribution**

9    The parties' proposed plan for distribution of the Settlement Fund provides

10    that any settlement funds returned as undeliverable or unnegotiated after 60 days

11    shall be paid in essentially equal payments to the following *cy pres* recipients:

12    Family Promise Spokane, Consumer Education and Training Services, and the

13    Northwest Justice Project.  ECF No. 37-1 at 6, ¶ 2.06.  *Cy pres* distributions to

14    those recipients further the objectives of the statutes on which this suit was brought

15    because they serve Washington families and individuals with housing needs.  *Cy*

16    *pres* distributions to those recipients will also account for Class Members'

17    interests, including their geographical distribution, because both organizations

18    serve Washington residents.  The Court finds the *cy pres* distributions necessary,

19    proper and reasonable, especially to account for the non-reversionary nature of the

20    Settlement Fund.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 19

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 48) is **GRANTED**.

2. The Court finds that Notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order (ECF No. 41), was reasonably calculated to provide actual notice to the class members, and satisfies due process and other applicable law.

3. The terms set forth in the Settlement Agreement are approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims. The Settlement Class is properly certified as part of this settlement. The relief provided to the Settlement Class under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and as a whole.

4. The Class Administrator shall deduct and receive its fees and costs in full payment for its services, not to exceed $100,000 from the Settlement Fund.

5. Plaintiffs' Motion for Award of Attorneys' Fees and Costs (ECF No. 45) is **GRANTED**. The Court approves the payment of $400,000 in attorneys' fees to Class Counsel as fair and reasonable. The Court

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 20

approves the payment of $1,100 to Class Counsel as reimbursement for litigation costs.

6. The Court approves the service award of $10,000 to Brianna Morris as Class Representative

7. Three individuals have timely and properly excluded themselves from the Settlement Class: Ian Anderson from Seattle, Washington, Janet VanDyke from Arlington, Washington, and Dennyse Oban from Marysville, Washington.  ECF No. 51 at 3.  All other members of the Settlement Class are bound by this Order.

8. The parties' proposed plan for distribution of settlement proceeds is hereby approved.  Each member of the Settlement Class shall be entitled to receive an equal settlement share of the remaining Settlement Fund. The Court orders the parties to comply with and carry out all terms and provisions of the Settlement, to the extent that the terms do not contradict or conflict with this Order and Judgment, in which case the provisions of this Order and Judgment shall take precedence and supersede the Settlement.

9. After paying costs of notice and administration as set forth in paragraph 4 above and paying the sums set forth in paragraphs 5 and 6 above, the Class Administrator shall, within the time period set forth in Section IV

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 21

of the Settlement Agreement, pay the funds remaining in the Settlement Fund to Settlement Class Members.

10. The Class Administrator shall pay in essentially equal payments all settlement funds which remain unclaimed after the distributions ordered herein to the *cy pres* recipients: Family Promise Spokane, Consumer Education and Training Services, and the Northwest Justice Project.

11. Within 30 days after completing all payments, the Class Administrator shall file with the Court a declaration attesting to its compliance with the provisions of this Order and a final accounting for the distribution of the Settlement Fund.

12. All Settlement Class Members are bound by the terms of the Settlement Agreement. As of the Settlement Agreement's effective date, the Class Representative and all Settlement Class Members acknowledge full satisfaction of, and fully, finally and forever release, settle and discharge the Released Parties of and from all Settled Claims, as defined in the Settlement Agreement. The release herein stated applies to claims that are presently unknown to the Class Representative or a Settlement Class Member. The Class Representative and each Settlement Class Member agree not to sue and to be forever barred from suing any Released Party on any of the Settled Claims.

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 22

13. Nothing in the settlement or this Order purports to extinguish or waive Defendant's rights to continue to oppose the merits of the claims in this action or class treatment of these claims in this case if the settlement fails to become final or effective, or in any other case without limitation. The settlement is not an admission by Defendant, nor is this Order and Judgment a finding of the validity of any allegations against Defendant or any wrongdoing by Defendant.

14. The entry of this Order and Judgment of dismissal is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement. Without affecting the finality of this Order in any way, the Court retains jurisdiction over the claims against Defendant for purposes of resolving any disputes that may arise under the settlement agreement.

15. The Clerk of Court shall enter Judgment dismissing this action with prejudice, binding each Class Member who did not opt out to the terms of the Settlement Agreement and Release and reserving jurisdiction in this Court over the implementation of the Settlement Agreement and Release, including enforcement and administration of that Agreement.

//

//

//

ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR AWARD
OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ~ 23

1        The District Court Executive is directed to enter this Order and Judgment

2    accordingly, furnish copies to counsel, and **CLOSE** the file.

3        DATED February 3, 2022.



THOMAS O. RICE
United States District Judge